**SECRETARY OF AGRICULTURE OF the UNITED STATES, Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

**Western Railroads et al., Intervenors.**

**No. 76–1026.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 17, 1977.

Decided March 11, 1977.

Raymond W. Fullerton, Atty., U. S. Dept. of Agriculture, Washington, D.C., with whom James Michael Kelly, Asst. Gen. Counsel, John A. Harris, Asst. Gen. Counsel and Ronald W. Hill, Atty., U. S. Dept. of Agriculture, Washington, D.C., were on the brief, for petitioner.

Henri F. Rush, Atty., I.C.C., Washington, D.C., with whom Arthur J. Cerra, Gen.

Counsel and Charles H. White Jr., Associate Gen. Counsel, I.C.C., Washington, D.C., were on the brief, for respondent, I.C.C., Carl D. Lawson and Catherine G. O'Sullivan, Attys. Dept. of Justice entered appearances for respondent, United States of America.

Christopher A. Mills, Chicago, Ill., with whom Edward K. Wheeler and Robert G. Seaks, Washington, D.C., were on the brief, for intervenors, Western Railroads.

Before BAZELON, Chief Judge, TAMM and MacKINNON, Circuit Judges.

PER CURIAM.

By decision of January 21, 1975, the Interstate Commerce Commission determined that certain railroads had failed to demonstrate that separate charges for in-individual in-transit grain inspections were "just and reasonable" under 49 U.S.C. § 15(7). 349 I.C.C. 89.[1] The tariffs were ordered cancelled within 60 days, *id.* at 100. At that time, no party had requested that a general refund order be issued and the Commission merely noted that individual aggrieved parties could seek refunds under 49 U.S.C. § 13(1).[2] On September 5, 1975, the Secretary of Agriculture, acting in his statutory capacity as representative of farm interests,[3] moved the I.C.C. to issue a general refund order under 49 U.S.C. § 15(7). That section provides, in pertinent part, that the Commission "may . . . require . . . carriers to refund . . such portion of such increased rates or charges as by its decision shall be found not justified." The Commission summarily denied the Secretary's request, simply noting that "sufficient grounds have not been presented to warrant granting the action sought." Docket No. 8548 (Nov. 12, 1975). Vice Chairman O'Neal concurred in the result but objected that "the order states no rationale for the Commission's decision." *Id.* The Secretary appealed.

At the outset, the Secretary contends that the refund provision of § 15(7) is mandatory rather than discretionary. He contends that "may order" a refund should be construed as "shall order." Although "may" has on occasion been read as "shall," neither the cases cited[4] nor the legislative history presented by the Secretary[5] support such a reading in this case. In fact, the Supreme Court has recognized that the Commission's authority to order a refund under § 15(7) is discretionary. *Atchison T. & S.F. Ry. Co. v. Wichita Board, supra* note

---

1. Prior to initiating the charges in question, a portion of the line-haul rates for grain shipments reflected in-transit inspections. In order to deter such inspections, the railroads added the individual charges to the line-haul rate. A division of the Commission initially determined that the railroads had demonstrated the propriety of the separate charges, and permitted their implementation. 339 I.C.C. 364 (1971). Following approval by the entire Commission, 340 I.C.C. 69 (1971), this decision was overturned by the United States District Court for the District of Kansas, *Wichita Board of Trade v. United States,* 352 F.Supp. 365 (D.C.Kan.1972). On appeal to the Supreme Court, the district court's decision was affirmed as to the remand to the Commission but an injunction against continued collection of the charges was reversed. *Atchison T. & S.F. Ry. Co. v. Wichita Board of Trade,* 412 U.S. 800, 93 S.Ct. 2367, 37 L.Ed.2d 350 (1973). It was only on remand from the Supreme Court that the Commission found the charges in question to be unjustified. For a fuller description of the history of this case, *see, id.* at 803–806, 93 S.Ct. 2367.

2. Unlike § 15(7), § 13(1) does not appear to contain a burden of proof favorable to shippers. Section 13(1) authorizes a party aggrieved by a railroad to petition the Commission for aid in redressing the grievance. The Commission is to forward the complaint to the offending railroad to satisfy or answer. The Commission is authorized to investigate complaints that are not voluntarily satisfied. The section does not expressly authorize the Commission to order relief if an unsatisfied complaint is well-founded.

3. *See* 7 U.S.C. §§ 1291(a) and (b); and 7 U.S.C. § 1622(j). The authority of the Secretary to petition the I.C.C. for the refund order and to pursue this appeal is not challenged.

4. *See Thompson v. Clifford,* 132 U.S.App.D.C. 351, 408 F.2d 154 (1968); *Wilson v. United States,* 135 F.2d 1005 (3rd Cir. 1943).

5. At oral argument, counsel for the Secretary admitted that the legislative history on this point was sparse.

1, 412 U.S. at 817–826, esp. at 824, 93 S.Ct. 2367.[6] There is no reason to believe that use of a discretionary word was inadvertent. Since § 15(7) contains "shall" six times and "may" five times, Congress appears to have deliberately distinguished mandatory and discretionary duties.

 The passage of § 202(e)(2)(8)(e) of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub.L. No. 94–210, 90 Stat. 31 (Feb. 5, 1976), does not eliminate the Commission's discretion in this case even if, as the Secretary contends, it was intended to apply retroactively. That statute mandates the refund of rates found to be unjustified only when the Commission has not suspended their collection pending the hearing on their legality. The Commission suspended collection of the individual inspection charge prior to the initial determination of reasonableness, but permitted their collection during judicial review. *I & S Docket No. 8548,* 339 I.C.C. 364 (1971). The statute does not cover this situation.

 Nevertheless, the Commission's refusal to issue a refund order cannot be affirmed on this record for the Commission has given no reasons for its decision. *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947); *Atchison Ry. v. Wichita Board,* 412 U.S. at 807, 93 S.Ct. 2367 (citing cases). Counsel for the Commission and for the intervening railroads have offered several explanations for the Commission's decision. But "[a]n administrative order can be affirmed on appeal only on the grounds on which the Commission relied," *KIRO, Inc. v. FCC,* 178 U.S. App.D.C. 126, 545 F.2d 204 (1976). There can be no assurance that the reasons suggested by counsel were in fact those of the Commission. *Wichita Board,* 412 U.S. at 807, 93 S.Ct. 2367. (citing cases).

 Consequently, a remand is necessary for the Commission to reconsider the Secretary's request and announce its eventual decision in a reasoned opinion. The Commission must give the question a "hard look" and explain how it has balanced any competing factors. *Greater Boston Television Corp. v. FCC,* 143 U.S.App.D.C. 383, 393, 444 F.2d 841, 851 (1971). In this connection, if the Commission decides not to issue a refund order but to allow individual petitioners to proceed under § 13(1), it should spell out what will be required for relief under § 13(1). Will each shipper be required to demonstrate, contrary to the presumption of § 15(7), that separate charges for in-transit grain inspections are unreasonable? Or will the only question be whether and in what amount each shipper was damaged and evaluation of equitable defenses, if any are to be permitted, presented by the offending railroad? Consideration of such questions are essential to a reasoned decision and effective judicial review.

At oral argument we were informed that currently filed § 13(1) actions are being held in abeyance pending the resolution of this appeal. Presumably it will be necessary for these cases to remain in limbo since we have not passed on the merits of the Commission's decision. Consequently, we urge the Commission to reach a decision on this remand with dispatch so that the controversy over these tariffs, now into its sixth year, can quickly come to an end.

*Record remanded for further proceedings consistent with this opinion.*

---

**6.** The Commission, relying on the portions of the *Wichita Board* cited in text, asserts that relief under Section 15(7) is "by law committed to agency discretion" and therefore immune from review. I.C.C. Br. at 19. Nothing in the Court's opinion holding that the district court's injunction interfered with the Commission's primary jurisdiction to balance competing policies supports this conclusion. In fact, at vari-

ous points the Court referred to judicial review of the Commission's eventual decision, *e. g.,* 412 U.S. at 825, 93 S.Ct. 2367, and its holding in part II of its opinion presupposed judicial review (remand appropriate when Commission fails to spell out its reasons for approving rates with sufficient clarity to permit judicial review).